1

2

3    **UNITED STATES DISTRICT COURT**

4    **NORTHERN DISTRICT OF CALIFORNIA**

5    **SAN JOSE DIVISION**

6

7    TEVRA BRANDS, LLC,                         Case No.  24-cv-04683-BLF

8                     Plaintiff,

9            v.                                 **ORDER GRANTING PLAINTIFF'S MOTION TO STAY AND VACATING CASE MANAGEMENT CONFERENCE**

10   ELANCO ANIMAL HEALTH
     INCORPORATED, et al.,                       [Re:  ECF No. 44]

11                    Defendants.

12

13

14           Before the Court is Plaintiff Tevra Brands, LLC's ("Tevra") Motion to Stay and Alter

15   Deadline Pending Ninth Circuit Mandate. ECF 44 ("Mot."). Defendants Elanco Animal Health

16   Incorporated ("Elanco Animal Health") and Elanco US, Inc. ("Elanco US") (collectively "Elanco"

17   or "Defendants") filed an opposition. ECF 47 ("Opp."). Having considered the moving and

18   responding papers, the Court GRANTS Tevra's motion to stay.

19   **I.    BACKGROUND**

20           On July 26, 2019, Tevra Brands LLC ("Tevra") filed an antitrust action against Bayer

21   HealthCare LLC ("Bayer"), alleging that Bayer's sale of name brand Advantage and Advantix

22   topical flea and tick treatments for cats and dogs with the active ingredient Imidacloprid violated

23   antitrust laws. *See Tevra Brands, LLC v. Bayer HealthCare LLC et al.*, No. 5:19-cv-04312-BLF

24   (N.D. Cal., filed on July 26, 2019) ("Bayer Action"). Following trial, on August 1, 2024, a jury

25   found Tevra had failed to prove, by a preponderance of the evidence, that the relevant antitrust

26   market for topical flea and tick medications was limited to imidacloprid topicals. Bayer Action, ECF

27   485. On the same day, the Court entered Judgment. *See* Bayer Action, ECF 487. On January 21,

28   2025, the Court denied Tevra's Motion for a New Trial. ECF 523. On February 28, 2025, Tevra

United States District Court
Northern District of California

1    appealed the final judgment in the Bayer Action to the United States Court of Appeals for the Ninth

2    Circuit. ECF 524.

3            On August 1, 2024, Tevra filed this antitrust lawsuit against Elanco alleging Elanco engaged

4    in exclusionary practices that substantially foreclosed generic competitors from entering the market

5    for "squeeze-on" Imidacloprid Topical flea and tick treatments for dogs and cats. *See* ECF 1. On

6    March 31, 2025, the Court granted Elanco's motion to dismiss Tevra's complaint with leave to

7    amend. ECF 42. The Court found Tevra's claims against Elanco were barred by both res judicata

8    and collateral estoppel by the judgment in the Bayer Action and the alleged claims were

9    insufficiently pled. *Id.* at 25-26. Nonetheless, the Court found "Tevra may be able to cure the

10   deficiencies the Court had identified for the first time in this action," and granted Elanco's motion

11   to dismiss with leave to amend. *Id.* at 25.

12   **II.    LEGAL STANDARD**

13           "Granting a motion to stay is within the sound discretion of the Court." *Fuller v. Amerigas*

14   *Propane, Inc.*, No. C 09-2493TEH, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009). The power

15   to stay is "incidental to the power inherent in every court to control the disposition of the causes on

16   its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* (quoting

17   *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (quoting *Landis v. N. Am. Co.*,

18   299 U.S. 248, 254 (1936) (internal quotation marks omitted))). "In considering whether a stay is

19   appropriate, the Court weighs three factors: [1] the possible damage which may result from the

20   granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go

21   forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating

22   of issues, proof, and questions of law which could be expected to result from a stay." *See Gustavson*

23   *v. Mars, Inc.*, Case No. 13-cv-04537-LHK, 2014 WL 6986421, at *2 (N.D. Cal. Dec. 10, 2014)

24   (internal quotation marks and citation omitted) (brackets in original). These factors are drawn from

25   the Supreme Court's decision in *Landis v. North American Co.*, 299 U.S. 248 (1936). *Id.*

26   **III.   DISCUSSION**

27           Tevra argues that staying the case "avoids needless expense and effort" because "[t]he

28   depositions and discovery required may prove unnecessary depending on the Ninth Circuit's

United States District Court
Northern District of California

2

1    mandate" in the Bayer Action and is "[i]n the interest of conserving judicial resources, efficiency,

2    and time." Mot. at 2. In response, Elanco argues that amendment would be futile as long as the

3    judgment in the Bayer Action stands. Opp. at 1. Elanco requests the Court to enter judgment against

4    Tevra in this action while the Bayer Action is on appeal. *Id.* Elanco further states that it "agree[s]

5    with Tevra that all other activity in this case (and in particular all discovery) should be stayed in the

6    interim" if the Court "is inclined to extend Tevra's time to amend and to tie it to the pending appeal."

7    Opp. at 2.

8        The Court has considered all three *Landis* factors and finds that they all weigh in favor of

9    granting a stay pending the Ninth Circuit's mandate in the Bayer Action. First, Elanco has not argued

10    that it would be prejudiced if this Court grants Tevra's motion. *See Gustavson*, 2014 WL 6986421,

11    at *2. As to the second factor, Tevra has identified at least some hardship or inequity that it would

12    suffer if it was required to go forward in this action while the Ninth Circuit reviews the judgment in

13    the Bayer Action because Elanco "would oppose discovery as soon as it is requested." Mot. at 2.

14        The third *Landis* factor also favors granting Tevra's motion to stay. Granting a stay pending

15    a Ninth Circuit mandate on the Bayer Action will promote consistency and judicial economy. A

16    reversal in the Bayer Action would allow both cases to move forward; a reversal would stop both

17    cases in their tracks.

18    //

19    //

20    //

21    //

22    //

23    //

24    //

25    //

26    //

27    //

28    //

**IV.    ORDER**

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Tevra's Motion to Stay at ECF 47 is GRANTED;

(2) This case is STAYED in its entirety pending the mandate from the Ninth Circuit in *Tevra Brands, LLC v. Bayer Healthcare, LLC, et al.*, Case No. 5:19-cv-04312-BLF;

(3) Plaintiff's amended complaint in this action SHALL be filed within thirty (30) days of the date of the Ninth Circuit mandate in *Tevra Brands, LLC v. Bayer Healthcare, LLC, et al.*, Case No. 5:19-cv-04312-BLF; and

(4) The Case Management Conference currently set on April 10, 2025, is VACATED AS MOOT.

Dated:  April 9, 2025

BETH LABSON FREEMAN
United States District Judge